**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1743-23

NORMAN L. SCOTT, SR.,

    Plaintiff-Appellant,

v.

TRINA RAGSDALE,

    Defendant-Respondent.

_____

Submitted March 13, 2025 – Decided March 24, 2025

Before Judges Mawla and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FM-04-0400-07.

Norman L. Scott, Sr., appellant pro se.

Respondent has not filed a brief.

PER CURIAM

    Plaintiff Norman Scott, Sr. appeals from a portion of a February 1, 2024 Family Part order granting his application to retroactively modify his child

support obligation based on a finding by the Social Security Administration (SSA) that he is disabled. The court determined plaintiff was entitled to a retroactive modification of child support as of the effective date of his third Social Security Disability (SSD) application, September 27, 2023. Plaintiff asserts the court erred by not granting the relief retroactive to the date of his first modification application, September 13, 2021. We affirm.

Plaintiff and defendant Trina Ragsdale were married on October 6, 2001. They are the parents of twins born in 2002, who were both enrolled in college at the time of this appeal. The parties divorced by way of a final judgment with stipulation of settlement entered on June 13, 2007, which required plaintiff pay defendant $162 per week in child support via wage execution.

Plaintiff asserts he last worked on or before June 2020 and applied for SSD benefits in April 2021.[1] During the pendency of his application for SSD benefits, plaintiff filed two motions seeking to modify his child support obligation, which were both denied without prejudice.[2] According to plaintiff, "[e]verything was pending, so they denied it without prejudice."

---

[1] The record is devoid of any information concerning plaintiff's SSA benefits determination.

[2] The record is devoid of plaintiff's prior motions and the orders denying those motions without prejudice.

A-1743-23

On September 27, 2023, plaintiff filed a third motion seeking a modification of child support. According to the motion hearing record, plaintiff received an SSD benefit verification letter dated November 20, 2023, confirming his SSD benefits award, of which $29,000 was paid towards his child support obligation.[3]

At the December 14, 2023 motion hearing to modify child support, plaintiff was represented by counsel, who confirmed plaintiff was seeking a "retroactive modification of the child support based on the two prior orders that were denied without prejudice during his [SSD] application." Following oral argument, the court concluded "I'm going to recalculate child support. I will explain the basis for the recalculation in the order, and then issue an order[,] which has an updated amount."

In its February 1, 2024 written order, the court granted plaintiff's application to recalculate or modify child support "based on [SSA]'s recent determination that [p]laintiff is disabled." The court reduced child support to $125 per week using the parties' income and the Child Support Guidelines consistent with their agreement. It found

> [a]lthough [it had] indicated on the record an intent[] to

---

[3] The record also does not include proof of plaintiff's child support arrears prior to the SSD benefits award.

grant [p]laintiff's request to modify child support retroactive to [p]laintiff's first application to modify child support based on his alleged disability, after a careful examination of the prior orders in this matter and reference to N.J.S.A. 2A:17-56.23a, the [c]ourt has determined that such a retroactive modification would not be equitable or appropriate. The [c]ourt further note[d] that [p]laintiff was previously given the opportunity to provide proof of disability apart from any determination of disability by the [SSA].

The court made the order effective as of September 27, 2023. Generally, our review of a Family Part's findings is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We "accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare, 154 N.J. at 413). "Findings by the trial court are binding on appeal when supported by adequate, substantial, [and] credible evidence." Cesare, 154 N.J. at 411-12 (citing Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). However, we owe no special deference to the trial court's "interpretation of the law and the legal consequences that flow from established facts." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

N.J.S.A. 2A:17-56.23a prohibits retroactive modification of child support and child support arrearages. Keegan v. Keegan, 326 N.J. Super. 289, 293 (App. Div. 1999). In pertinent part, the statute provides:

4

No payment or installment of an order for child support, or those portions of an order which are allocated for child support established . . . shall be retroactively modified by the court <u>except with respect to the period during which there is a pending application for modification</u>, but only from the date the notice of motion was mailed either directly or through the appropriate agent.

[N.J.S.A. 2A:18-56.23a (emphasis added).]

As a preliminary matter, we glean from plaintiff's brief that he is challenging solely the effective date of the new child support order, and not the amount of child support. We discern no abuse of discretion as regards to the retroactive date for child support.

The court considered plaintiff's receipt of SSD benefits retroactive to May 25, 2021, and the derivative benefits of $29,000 paid to the children. The court declined to make the new child support amount retroactive to September 13, 2021 because plaintiff had not supported the motion with proof of disability apart from any determination by SSA, despite the opportunity to provide proof of disability.

Given these circumstances, the court neither abused its discretion nor misapplied N.J.S.A. 2A:17-56.23a when it made the new child support figure retroactive to the filing date of plaintiff's latest motion for modification. Although plaintiff's prior motions had been dismissed without prejudice, they

were nonetheless dismissed and not pending because plaintiff had previously failed to comply with the court's instruction to provide proof of disability in support of his prior motions.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1743-23